UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-8089-DMG (Ex)** | Date | September 4, 2026 |
| Title | ***Rebeka Rodriguez v. Sacramento CDJR LLC*** | Page | 1 of 2 |

Present: The Honorable DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| DEREK DAVIS | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

On August 12, 2026, the Court dismissed Plaintiff Rebeka Rodriguez's Federal Wiretap Act claim with leave to amend. [Doc. # 28.] Pursuant to that Order, Rodriguez filed her Notice of Intent to Stand on First Amended Complaint on September 2, 2026. [Doc. # 29.] In its August 12, 2026 Order, the Court indicated that because Rodriguez's sole federal claim had been dismissed, the Court may decline to exercise supplemental jurisdiction over her state law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "In a case in which all federal law claims are eliminated before trial, the balance of [judicial economy, convenience, fairness, and comity] will generally point toward declining to exercise jurisdiction over the remaining state law claims." *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 715 (9th Cir. 1990).

In light of the foregoing, the parties are ordered to show cause in writing why the Court should not decline to exercise supplemental jurisdiction over Rodriguez's California Invasion of Privacy Act (CIPA) and intrusion upon seclusion claims and remand this action to state court.

**Any response to this Order to Show Cause must be filed by September 14, 2026.** Failure to file a timely and satisfactory response to this Order to Show Cause will result in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-8089-DMG (Ex)** | Date | September 4, 2026 |
| Title | ***Rebeka Rodriguez v. Sacramento CDJR LLC*** | Page | 2 of 2 |

Court declining to exercise supplemental jurisdiction over the state law claims and remanding the action to state court.

**IT IS SO ORDERED.**